**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN EDUARDO DE ALVA DURAN,<br>Petitioner,<br>v.<br>J. JOHNSON, et al.,<br>Respondents. | Case No. ED CV 26-6740 FMO (MAR)<br><br>**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS** |

On November 5, 2026, Juan Eduardo De Alva Duran ("petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Todd Blanche, Attorney General of the United States; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"); Todd Lyons, Acting Director of the U.S. Immigration and Customs Enforcement ("ICE"); Thomas P. Giles, Director of the Los Angeles Field Office; and J. Johnson, Warden of the Adelanto ICE Processing Center (collectively, "respondents"). (See Dkt. 1, Petition at ECF 1). Having reviewed and considered all the briefing filed with respect to petitioner's Petition, the court finds that oral argument is not necessary to resolve the Petition, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Respondents contend that petitioner is detained under § 1226(a), and concede that petitioner is entitled to a bond hearing under Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th

Cir. 2026). (See Dkt. 9, Federal Respondents' Answer to Habeas Petition ("Answer") at 1). This is the only claim respondents address in their Answer. (See, generally, id.). In other words, respondents fail to address or provide any response to petitioner's other claims, such as his due process, unreasonable seizure, or APA claims. (See, generally, id.); (see Dkt. 1, Petition at ECF 9-17). Accordingly, the court construes respondents' failure to address petitioner's claims as a concession. See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); Viviana Yoana Santafe-Moreno, Petitioner, v. Semaia Fereti, et al., Respondents., 2026 WL 3313468, *3 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought.").

Based on the foregoing IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner Juan Eduardo De Alva Duran (A# 221-462-833) forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release conditions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

3. Respondents shall provide petitioner with a copy of this Order at or near the time of release.

4. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

5. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears

the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

6. Judgment shall be entered accordingly.

Dated this 18th day of November, 2026.

/s/
Fernando M. Olguin
United States District Judge